

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| AMY COOK, derivatively on behalf of CAREER EDUCATION CORPORATION,<br><br>       Plaintiff,<br><br>vs.<br><br>GARY E. MCCULLOUGH, STEVEN H. LESNIK, LESLIE T. THORNTON, DENNIS H. CHOOKASZIAN, DAVID W. DEVONSHIRE, PATRICK W. GROSS, GREGORY L. JACKSON, MICHAEL J. GRAHAM, THOMAS B. LALLY, BRIAN R. WILLIAMS, THOMAS G. BUDLONG, and THOMAS A. MCNAMARA,<br><br>       Defendants,<br><br>- and -<br><br>CAREER EDUCATION CORPORATION, a Delaware corporation,<br><br>       Nominal Defendant. | Civil Action No. 11 C 9119<br><br>The Honorable John W. Darrah<br><br>**PRELIMINARY APPROVAL AND SCHEDULING ORDER** |

This matter having come before the Court on Plaintiff's Motion pursuant to F.R.C.P. 23.1(c) for entry of an order (a) preliminarily approving the proposed settlement (the "Settlement") of the above-captioned action, and the related derivative actions pending (1) before this Court, captioned *Alex v. McCullough, et al.*, No. 12 C 8834 (the "*Alex* Action") and (2) in the Circuit Court of Cook County, Illinois, Chancery Division, captioned *Bangari v. Lesnik, et al.*, No. 11 CH 41973 (the "State Action") (collectively, the "Actions"), in accordance with the Stipulation of Settlement entered into by the Settling Parties, dated October 25, 2013 (the "Stipulation"); and (b) approving the distribution of notice to Career Education Corporation ("Career Education" or the "Company") shareholders; and the Court, having read and considered the Stipulation and accompanying documents, and all Settling Parties having consented to the entry of this Preliminary Approval Order,

IT IS HEREBY ORDERED:

1. Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Preliminary Approval Order.

2. The Settlement appears to be the product of serious, informed, arm's-length negotiations, has no obvious deficiencies, provides substantial value to the Company, and falls within the range of possible approval and, therefore, merits further consideration.

3. The Court preliminarily finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Company and its shareholders.

4. The Court has scheduled a Settlement Hearing, which will be held on April 3, 2014, at 10:00 a.m., before the Honorable John W. Darrah or such other judge as may be sitting in his place and stead, Everett McKinley Dirksen United States Courthouse, Courtroom 1203, 219 South Dearborn Street, Chicago, IL 60604, in order to:

    (a) consider whether the Settlement, pursuant to F.R.C.P. 23.1, is fair, reasonable, adequate, and in the best interests of the Company and its shareholders;

    (b) consider whether the Notice fully satisfied the requirements of F.R.C.P. 23.1 and due process;

(c) consider the entry of the Judgment dismissing the *Cook* Action and the *Alex* Action with prejudice, with each party to bear its, his, or her own costs, and release and enjoin the prosecution of any and all Released Claims;

(d) consider the approval of the Fee and Expense Amount and the Service Awards; and

(e) hear other such matters as the Court may deem necessary and appropriate.

5. The Court reserves the right to adjourn the Settlement Hearing or modify any of the dates set forth herein.

6. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Settling Parties to the Actions.

7. The Court approves, as to form and content, the Notice and finds that the Notice proposed by the Settling Parties in the Stipulation is reasonable, constitutes the most practicable notice under the circumstances, constitutes sufficient notice to Current Career Education Shareholders, and complies with the requirements of federal law and due process.

8. Career Education shall undertake the administrative responsibility for providing the Notice to Current Career Education Shareholders, subject to the supervision and direction of the Court as may be necessary or as circumstances require.

9. Within fifteen (15) calendar days after the entry of this Preliminary Approval Order, Career Education shall cause the Notice, substantially in the form attached hereto, to be published once in the national edition of the *Investors Business Daily* and post the Notice and Stipulation on the Investor Relations page of the Career Education website until entry of Judgment.

10. At least fifteen (15) calendar days prior to the Settlement Hearing, Career Education shall serve on counsel in the Actions and file with the Court proof, by affidavit or declaration, of the publication of the Notice and posting of the Notice and Stipulation on its website.

11. Also within fifteen (15) calendar days after entry of this Preliminary Approval Order, Plaintiffs' Counsel shall post copies of the Notice and Stipulation on their firm's websites at www.bottinilaw.com, www.hfesq.com, and www.robbinsarroyo.com.

12. At least fifteen (15) calendar days prior to the Settlement Hearing, Plaintiff Cook's Counsel shall file with the Court proof, by affidavit or declaration, of the posting of the Notice and Stipulation on the websites of Plaintiffs' Counsel.

13. Any Current Career Education Shareholder who wishes to object to the Settlement and/or show cause why it should not be approved, why the Judgment should or should not be entered thereon, or why Plaintiffs' Counsel's Fee and Expense Amount or the Service Awards should not be awarded (the "Objection") may appear and show cause why the terms of the Settlement should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to Plaintiffs' Counsel; provided, however, that, unless otherwise ordered by the Court, no Current Career Education Shareholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, unless that Person has, at least fourteen (14) calendar days prior to the Settlement Hearing, filed an Objection with the Clerk of the Court in writing: (a) identifying the case name and number, *Cook v. McCullough et al.*, Case No. 11 C 9119, and stating all reasons for the Objection; (b) giving proof of current ownership of Career Education stock as well as documentary evidence of when such stock ownership was acquired; (c) clearly identifying any and all evidence that would be presented at the Settlement Hearing in connection with such Objections; and (d) identifying any case, by name, court, and docket number, in which the Shareholder or his, her or its attorney, if any, has objected to a settlement in the last three years.

14. Such Objection shall, at least fourteen (14) calendar days prior to the Settlement Hearing, be filed with the Clerk of the Court and served by first class U.S. Mail at the same time on all counsel for the Settling Parties. Any Current Career Education Shareholder wishing to be

heard at the Settlement Hearing is required to include a notice of intention to appear at the Settlement Hearing together with his, her, or its written Objection.

15. Any Career Education shareholder who does not make his, her, or its Objection in the manner provided in the preceding Paragraph of this Preliminary Approval Order shall be deemed to have waived such Objection and shall forever be foreclosed from: (a) making any objections to the fairness, adequacy, or reasonableness of the Settlement; or (b) making any objections to the fairness and reasonableness of the Fee and Expense Amount or Service Awards.

16. All papers in support of the Settlement and the Settling Parties' responses to any Objection by Current Education Shareholders, if any, shall be filed with the Court and served at least seven (7) calendar days prior to the Settlement Hearing.

17. All proceedings in the captioned Action and in the *Alex* Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation and the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination of whether the Stipulation should be approved, Plaintiffs, the Company, and all of the Company's shareholders, and any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Persons.

18. Neither the Stipulation, any provision contained in the Stipulation, any action undertaken pursuant thereto, nor the negotiation thereof by any party shall be construed as or deemed an admission or concession by Defendants or the truth of any of the allegations in the Actions, or of any liability, fault of wrongdoing or any kind, or offered or received in evidence at any proceeding in the Action or any other action or proceeding.

19. If the Stipulation is not approved by the Court, is terminated, or shall not become effective for any reason, the Actions shall proceed, completely without prejudice to any party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court, and neither the Stipulation, any provision contained in the Stipulation, any action undertaken pursuant thereto, nor the negotiation thereof by any party shall be deemed an

admission or offered or received in evidence at any proceeding in the Action or any other action or proceeding.

IT IS SO ORDERED.

Dated: 11-6, 2013

_____
THE HONORABLE JOHN W. DARRAH
UNITED STATES DISTRICT JUDGE