UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| AMY COOK, derivatively on behalf of CAREER EDUCATION CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>GARY E. MCCULLOUGH, STEVEN H. LESNIK, LESLIE T. THORNTON, DENNIS H. CHOOKASZIAN, DAVID W. DEVONSHIRE, PATRICK W. GROSS, GREGORY L. JACKSON, MICHAEL J. GRAHAM, THOMAS B. LALLY, BRIAN R. WILLIAMS, THOMAS G. BUDLONG, and THOMAS A. MCNAMARA,<br><br>Defendants,<br><br>- and -<br><br>CAREER EDUCATION CORPORATION, a Delaware corporation,<br><br>Nominal Defendant. | Civil Action No. 11 C 9119<br><br>The Honorable John W. Darrah<br><br>**ORDER AND FINAL JUDGMENT** |

This matter came before the Court for hearing on January 22, 2014, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated October 25, 2013, and the exhibits thereto (the "Stipulation"). The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

Unless otherwise stated herein, all capitalized terms contained in this Judgment shall have the same meaning and effect as stated in the Stipulation.

This Court has jurisdiction over the subject matter of the Actions and over the Settling Parties to the Actions.

This Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties, Career Education Corporation ("Career Education"), and Career Education shareholders, and hereby directs the Settling Parties to perform the terms of the Settlement as set forth in the Stipulation.

This Court hereby dismisses the *Cook* Action and the *Alex* Action with prejudice and without costs to Defendants, except as otherwise provided below.

Upon the Effective Date, the Plaintiffs (both individually and derivatively on behalf of Career Education), any other Career Education shareholder on behalf of Career Education, and Plaintiffs' Counsel shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons and any and all claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Actions against the Released Persons.

Upon the Effective Date hereof, the Releasing Parties are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons as set forth in and in accordance with the terms of the Stipulation. Upon the Effective Date, each of the Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims.

Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

The Court finds that the Notice of Pendency and Proposed Settlement of Derivative Action was given in accordance with the Preliminary Approval Order entered on November 6, 2013, and that such Notice was reasonable, constituted the most practicable notice under the circumstances to Current Career Education Shareholders, and complied with the requirements of federal law and due process.

The Court hereby approves the Fee and Expense Amount of $5,000,000 and directs payment of the Fee and Expense Amount in accordance with the terms of the Stipulation.

The Court hereby approves the Service Award of $15,000, with the amount to be split equally between Plaintiffs Cook, Bangari, and Alex, to be paid from Plaintiffs' Counsels' Fee and Expense Amount, in recognition of Plaintiffs' participation and effort in the prosecution of the Actions.

During the course of the litigation of the Actions, all Settling Parties and their counsel acted in good faith and complied with F.R.C.P. 11, Illinois Supreme Court Rule 137, and any similar rule or statute.

Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as: (a) an admission or evidence of the validity of any Released Claim or any wrongdoing or liability of the Defendants, or the Court's jurisdiction over the Released Persons for purpose of the Released Claims or for any other purpose; (b) an admission or concession by Plaintiffs or any Career Education shareholder of any infirmity in the claims asserted in the Complaint; or (c) an admission or evidence of any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal or forum. The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; and (b) all Settling Parties and the Settling Parties' counsel hereto for the sole purpose of construing, enforcing, and administering the Stipulation and this Order.

There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed by the Court.

Dated: January 28, 2014

_____
THE HONORABLE JOHN W. DARRAH
UNITED STATES DISTRICT JUDGE